JERRY S. BUSBY
Nevada Bar #001107
POOJA KUMAR
Nevada Bar #012988
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
pkumar@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AUTUMN M. TAYLOR, individually,<br><br>                         Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG; DOES 1<br>through 20 and ROE BUSINESS ENTITIES<br>1-20, inclusive,<br><br>                         Defendants. | Case No. 2:22-cv-01956-JCM-DJA<br><br><br><br>__JOINT PRE-TRIAL ORDER__ |

The Parties – Plaintiff AUTUMN M. TAYLOR (hereinafter "Plaintiff") and Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "Defendant" or "SMITH'S") (collectively, the "Parties") – by and through their undersigned counsel of record, hereby submit this Joint Pre-Trial Order pursuant to Local R. 16-3 and 16-4.

After pre-trial proceedings in this cause,

**IT IS SO ORDERED:**

### I.

### STATEMENT OF THE FACTS/CONTENTIONS OF THE PARTIES

This is a premises liability case arising out of an alleged slip and fall that occurred at a Las Vegas SMITH'S grocery store on May 3, 2020.  Specifically, Plaintiff Autumn Taylor alleges that she slipped and fell on water on the floor.  As a result of the incident, Plaintiff alleges that she suffered injuries to her back, right knee, right thigh, and left foot and ankle, as well as pain and suffering.

**A.**   **Plaintiff's Contentions:**

Plaintiff filed suit alleging causes of action for negligence based on premises liability.   In essence, Plaintiff contends that SMITH'S actions and/or its failure to act created and/or caused a dangerous condition where Plaintiff was shopping.   Plaintiff further contends that SMITH'S alleged negligence proximately caused injuries to Plaintiff.

Plaintiff alleges that she was walking through the store when she slipped and fell in water, causing her injuries and pain and suffering.

Plaintiff contends that the water on the floor (the "dangerous condition") was caused as a direct result of SMITH'S failure to maintain the store in a reasonable and safe manner.

Plaintiff further contends that SMITH'S maintained and was in control of the subject property and, therefore, the subject dangerous condition, which was on the floor of the store, where Plaintiff was injured.

Plaintiff further contends that SMITH'S had actual notice, had actual knowledge, had constructive notice, and/or knew or should have known of the dangerous condition.

Plaintiff further contends that as a direct and proximate result of the negligence of SMITH'S, Plaintiff sustained serious injuries and suffered great pain of body and mind, some of which conditions are permanent and disabling, all to Plaintiff's general damage in an amount in excess of $75,000.

**B.**   **SMITH'S Contentions:**

SMITH'S denies Plaintiff's allegations and contends that it exercised reasonable care and that Plaintiff has failed to establish a *prima facie* case of negligence.

SMITH'S denies Plaintiff's allegations of negligence and contends that Plaintiff was also negligent by failing to take actions for her own safety to prevent the accident from occurring.

SMITH'S further contends that the injuries claimed by Plaintiff were not proximately caused by the incident at SMITH'S.

Finally, SMITH'S contends that Plaintiff's alleged future damages should be excluded from consideration by the trier of fact.   In the alternative, SMITH'S contends that Plaintiff's evidence of future damages fails to meet the standard for admissibility.

//

**C.**     <u>**List of Claims for Relief:**</u>

Plaintiff's Complaint contains a single cause of action for negligence based on premises liability. As a result, Plaintiff is claiming past and future medical expenses and pain and suffering.

**D.**     <u>**Affirmative Defenses Listed in Defendant's Answer:**</u>

In addition to denying Plaintiff's allegations, SMITH'S has also affirmatively pled the following defenses:

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against SMITH'S should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff. Therefore, Plaintiff's claims against SMITH'S should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**II.**

<u>**STATEMENT OF JURISDICTION**</u>

Plaintiff resided in Las Vegas, Nevada, at the time of the alleged incident and still resides in Las Vegas, Nevada, today. SMITH'S is a foreign corporation incorporated in Ohio with its principle place of business in Utah and is licensed to business in the County of Clark, State of Nevada. This matter involves a claim for damages in excess of $75,000. Jurisdiction is, therefore, based upon diversity of citizenship under 28 U.S.C. § 1332. The Parties admit that jurisdiction is proper and admit that venue is proper pursuant to 28 U.S.C. § 1391.

**III.**

<u>**ADMITTED FACTS**</u>

The following facts are admitted by the Parties and require no proof:

1.   Venue is proper in the United States District Court, District of Nevada, in Las Vegas, Nevada.

2. This lawsuit arises out of a slip and fall incident that occurred on May 3, 2020, at the SMITH'S store in Las Vegas, Nevada.

## IV.

## NON-CONTESTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

1. Defendant owned and operated the SMITH'S grocery store located at 9750 South Maryland Parkway, Las Vegas, Nevada 89183.

2. SMITH'S is a resident, for purposes of diversity jurisdiction, of the States of Ohio and Utah.

3. Plaintiff is a citizen and resident of Las Vegas, Nevada.

## V.

## ISSUES OF FACT

The following are the Parties' statement of issues of fact to be tried and determined at trial:

**A.   Plaintiff:**

1. Whether an employee of SMITH'S negligently caused the water to be on the floor that led to Plaintiff's incident?

2. Whether SMITH'S employees failed to provide a safe environment for customers of SMITH'S?

3. Whether an employee of SMITH'S negligently failed to take adequate measures to protect against the type of condition(s) that led to Plaintiff's incident?

4. Whether the hazardous condition was readily apparent to Plaintiff?

5. Whether SMITH'S negligently failed to keep the floor in the subject SMITH'S in a reasonably safe condition for SMITH'S customers and to protect SMITH'S customers against dangers caused by its routine business practice of stocking water safely and conducting proper safety sweeps while SMITH'S remains open for business?

6. Whether SMITH'S negligently failed to warn Plaintiff of an unsafe condition?

7. Whether Plaintiff suffered injuries as a result of SMITH'S negligence?

8. Whether the injuries Plaintiff sustained were proximately caused by the slip and fall as a result of SMITH'S negligence?

9. Whether the medical expenses incurred by Plaintiff as a result of SMITH'S negligence were reasonable and necessary?

10. Whether Plaintiff is entitled to general damages for her pain and suffering?

11. Whether Plaintiff is entitled to damages for future medical care and expenses incidental thereto?

**B.     Defendant:**

1. Cause of Plaintiff's fall at the subject SMITH'S store.

2. Whether Plaintiff was negligent?

3. Whether SMITH'S was negligent?

4. Whether Plaintiff can prove that SMITH'S negligently failed to exercise reasonable care to provide a safe environment?

5. Whether Plaintiff can prove that SMITH'S negligently failed to warn Plaintiff of a known hazard?

6. Whether Plaintiff can prove that SMITH'S had notice of the alleged hazardous condition prior to the accident?

7. Whether Plaintiff has any supporting or corroborating evidence regarding her claims for future damages?

8. Whether Plaintiff can sustain her burden of proving damages?

9. Whether Plaintiff can prove that the SMITH'S accident proximately caused Plaintiff to incur the medical expenses claimed in this litigation?

10. Whether Plaintiff's medical expenses were reasonable and necessary?

11. Whether evidence of Plaintiff's pre-existing conditions bars or limits her ability to seek damages herein?

12. Whether Plaintiff's failure to apportion medical treatment between her pre-existing medical conditions and those caused by the alleged accident bars or limits her ability to seek damages herein?

13. Whether the subject accident caused any of the injuries alleged by Plaintiff?

14. Whether Plaintiff has improperly withheld critical evidence about her prior medical treatment?

15. What injuries Plaintiff incurred after the alleged accident at SMITH'S?

16. Whether Plaintiff can establish when and how the hazardous condition was created?

**VI.**

**ISSUES OF LAW**

The following are issues of law to be tried and determined at trial:

**A.     Plaintiff:**

1. Was SMITH'S negligent in relation to the subject incident?

2. Were the alleged injuries of Plaintiff, if any, proximately caused by the negligence of SMITH'S and/or its employees?

3. Was Plaintiff negligent in relation to the subject incident?

4. Were the alleged injuries of Plaintiff, if any, proximately caused by the negligence of Plaintiff?

5. Can Plaintiff sustain her burden of proof that she incurred damages?

6. Did Plaintiff fail to mitigate her damages?

**B.     Defendant:**

1. Issues of law raised by the Parties' anticipated motions *in limine*

2. Whether SMITH'S was negligent?

3. Whether Plaintiff can sustain her burden of proof that she incurred damages?

4. Whether Plaintiff can prove that the SMITH'S accident proximately caused Plaintiff's claimed injuries?

5. Whether Plaintiff can prove the necessary elements for her cause of action?

6. Whether Plaintiff properly and timely disclosed her damages?

//

//

//

## VII.

## EXHIBITS

**A.**    **The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

      **1.**    **Plaintiff:**

1. Photos of floor where Plaintiff slipped (PTF0001-08)

2. Medical bills and records, Henderson Hospital (HHR0001-64)

3. Medical bills, Shadow Emergency Physicians (SEP0001)

4. Medical bills, Desert Radiology (DRD0001)

5. Medical bills and records, MaxHealthcare Center (MHC0001-15)

6. Medical bills and records, Family Doctors of Green Valley (FDG0001-11)

7. Medical bills and records, SimonMed Imaging (SMI0001-05)

8. Medical bills and records, Interventional Pain & Spine Institute (IPS0001-29)

9. Medical bills and records, Surgical Arts Center (SAC0001-98)

10. Medical bills and records, Las Vegas Neurosurgery Orthopedics & Rehab (NOR0001-16)

11. Medical bills and records, Kelly Hawkins Physical Therapy (KHP0001-09)

12. Medical bills and records, William Muir, M.D. (WMM0001-11)

13. Future treatment letter, Las Vegas Neurosurgery Orthopedics & Rehab (FTL0001-02)

14. Medical bills and records, Pain Specialists of Nevada (PSN0001-39)

15. Medical records, Aloha Medical Center (AMC0001-11)

16. Dr. Muir's fee schedule, *curriculum vitae*, and testimony history

17. All exhibits listed by any other party to this litigation

18. All documents identified during discovery in this litigation

19. All pleadings filed in the case

20. All responses to any Interrogatories and/or Requests for Admissions by any Defendant in this litigation

21. All depositions including exhibits

22. Rebuttal and/or impeachment documents

**2.** **Defendant:**

1. Incident Report (DEF-0000001)

2. Sweeps Floor Inspection Report (DEF-0000002-03)

3. Ten (10) color copies of photographs taken at store (DEF-0000004-13)

4. One (1) compilation DVD from date of incident

5. Correspondence related to present litigation (DEF-0000014-38)

6. Plaintiff's medical records from Aloha Medical Center (AMC-0000001-50)

7. Plaintiff's medical records from CVS Pharmacy (CVS-0000001-05)

8. Plaintiff's medical records from Henderson Hospital (HH-0000001-413)

9. Plaintiff's medical records from Kelly Hawkins Physical Therapy (KHP-0000001-16)

10. Plaintiff's medical records from Las Vegas Neurosurgery (LVN-0000001-92)

11. Plaintiff's medical records from MaxHealth Center (MC-0000001-13)

12. Plaintiff's medical records from Pain Specialists of Nevada (PSN-0000001-27)

13. Plaintiff's medical records from Surgical Arts Center (SAC-0000001-106)

14. All exhibits listed by any other party to this litigation

15. All documents identified during discovery in this litigation

16. All pleadings filed in the case

17. All responses to any Interrogatories and/or Requests for Admissions by any Defendant in this litigation

18. All depositions including exhibits

19. Rebuttal and/or impeachment documents

20. Diagram of the store.

21. Video still prints.

**B.** **As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

**1.** **Plaintiff's Exhibits with Defendant's Objections:**

Defendant objects to any and all exhibits offered by Plaintiff until and unless a foundation has been provided.

8

**2.** **Defendant's Exhibits with Plaintiff's Objections:**

Plaintiff objects to any and all exhibits offered by Defendant until and unless a foundation has been provided.

**C.** **Electronic Evidence:**

The Parties intend to present electronic evidence for purposes of jury deliberations.

**D.** **Depositions:**

    **1.** **Plaintiff will offer the following depositions:**

None at this time.

    **2.** **Defendant will offer the following depositions:**

1. Autumn Taylor, Plaintiff – all portions; offered against Plaintiff for impeachment purposes.

2. Nicholas Michael Cooper, Plaintiff's brother – all portions; offered against Plaintiff for impeachment purposes.

3. Nancy Austin, Plaintiff's mother – all portions; offered against Plaintiff for impeachment purposes.

4. Stephanie Ann Bean, Assistant Store Director, SMITH'S – all portions; offered against Plaintiff for impeachment purposes.

**E.** **Objections to depositions:**

    **1.** **Defendant objects to Plaintiff's depositions as follows:**

No objections at this time

    **2.** **Plaintiff objects to Defendant's depositions as follows:**

No objections at this time

**VIII.**

**WITNESSES**

The following witnesses may be called by the Parties at trial:

**A.** **Plaintiff's Witnesses:**

1. Autumn Taylor
   Plaintiff
   c/o Hicks & Brasier, PLLC
   2630 South Jones Boulevard
   Las Vegas, Nevada 89146

1

2     2.  FRCP 30(b)(6) Representative
          SMITH'S

3          c/o Cooper Levenson, P.A.
          3016 West Charleston Boulevard, Suite 195

4          Las Vegas, Nevada 89102

5     3.  Nancy Austin
          Plaintiff's mother

6          c/o Hicks & Brasier, PLLC
          2630 South Jones Boulevard

7          Las Vegas, Nevada 89146

8     4.  Nicholas Cooper
          Plaintiff's brother

9          c/o Hicks & Brasier, PLLC
          2630 South Jones Boulevard

10        Las Vegas, Nevada 89146

11    5.  Sean Taylor, Sr.
          Plaintiff's husband

12         c/o Hicks & Brasier, PLLC
         2630 South Jones Boulevard

13        Las Vegas, Nevada 89146

14    6.  Stephanie Bean
          Assistant Store Director, SMITH'S

15        4600 East Sunset Road
         Henderson, Nevada 89014

16

17    7.  Marco Carego
         Employee, SMITH'S

18        c/o Cooper Levenson, P.A.
        3016 West Charleston Boulevard, Suite 195
        Las Vegas, Nevada 89102

19

20    8.  Ediriel Hernandez-Salas, M.D.
        Sara Everts, R.N.
        Joshua Rosenberg, D.O.

21        Hubert Chin, M.D.
        Amanda Meagher, R.N.

22        FRCP 30(b)(6) Representative
        Custodian of Records

23        Henderson Hospital
        1050 West Galleria Drive

24        Henderson, Nevada 89011

25    9.  Hubert Chin, M.D.
        Joshua Rosenberg, D.O.

26        FRCP 30(b)(6) Representative
        Custodian of Records

27        Desert Radiology
        Post Office Box 3057

28        Indianapolis, Indiana 46206

10. Ediriel Hernandez-Salas, M.D.
    FRCP 30(b)(6) Representative
    Custodian of Records
    Shadow Emergency Physicians
    Post Office Box 13917
    Philadelphia, Pennsylvania 19101

11. Rachel Smith, PA-C
    Ravi Ramanathan, M.D.
    FRCP 30(b)(6) Representative
    Custodian of Records
    Family Doctors of Green Valley
    291 North Pecos Road
    Henderson, Nevada 89074

12. Jorg Rosler, M.D.
    Stuart Baird, M.D.
    FRCP 30(b)(6) Representative
    Custodian of Records
    Interventional Pain & Spine Institute
    6338 West Desert Inn Road
    Las Vegas, Nevada 89146

13. Jorg Rosler, M.D.
    Nader Helmi, D.O.
    FRCP 30(b)(6) Representative
    Custodian of Records
    Surgical Arts Center
    9499 West Charleston Boulevard, Suite 250
    Las Vegas, Nevada 89117

14. Austin Hill, D.P.T.
    FRCP 30(b)(6) Representative
    Custodian of Records
    Kelly Hawkins Physical Therapy
    8975 South Pecos Road, Suite 7A
    Henderson, Nevada 89074

15. Josephine Stanton, D.C.
    Kelly E. Murie, D.C.
    FRCP 30(b)(6) Representative
    Custodian of Records
    MaxHealth Center
    8475 South Eastern Avenue, Suite 101
    Las Vegas, Nevada 89123

16. Mark B. Kabins, M.D.
    FRCP 30(b)(6) Representative
    Custodian of Records
    Las Vegas Neurosurgical Orthopedics & Rehab
    501 South Rancho Drive, Suite I-67
    Las Vegas, Nevada 89106

17. Travis Snyder, D.O.
    Hannah Russell, D.O.
    FRCP 30(b)(6) Representative
    Custodian of Records
    SimonMed Imaging
    7610 West Cheyenne Boulevard, Suite 1
    Las Vegas, Nevada 89129

18. William Muir, M.D.
    Kristie Coarasa, PA-C
    FRCP 30(b)(6) Representative
    Custodian of Records
    William Muir, M.D.
    653 North Town Center Drive, Suite 210
    Las Vegas, Nevada 89144

19. Nader Helmi, D.O.
    Anthony Ruggeroli, M.D.
    Gina M. Meigs, PA-C
    FRCP 30(b)(6) Representative
    Custodian of Records
    Pain Specialists of Nevada
    6070 South Fort Apache Road, Suite 100
    Las Vegas, Nevada 89148

20. William Muir, M.D.
    Expert witness
    653 North Town Center Drive, Suite 210
    Las Vegas, Nevada 89144

**B.      Defendant's Witnesses:**

1. Autumn M. Taylor
   Plaintiff
   c/o Hicks & Brasier, PLLC
   2630 South Jones Boulevard
   Las Vegas, Nevada 89146

2. Stephanie Bean
   Assistant Store Director, SMITH'S
   4600 East Sunset Road
   Henderson, Nevada 89014

3. FRCP 30(b)(6) Representative
   SMITH'S
   c/o Cooper Levenson, P.A.
   3016 West Charleston Boulevard, Suite 195
   Las Vegas, Nevada 89102

4. Person(s) Most Knowledgeable
   ER at Green Valley Ranch
   2581 Saint Rose Parkway
   Henderson, Nevada 89074

//

5. Person(s) Most Knowledgeable
   Shadow Emergency Physicians
   Address Unknown

6. Person(s) Most Knowledgeable
   Desert Radiologists
   Address Unknown

7. Person(s) Most Knowledgeable
   MaxHealth Center
   8475 South Eastern Avenue, Suite 101
   Las Vegas, Nevada 89123

8. Person(s) Most Knowledgeable
   SimonMed Imaging
   6301 Mountain Vista Street, Suite 103
   Henderson, Nevada 89014

9. Person(s) Most Knowledgeable
   Interventional Pain & Spine Institute
   715 Mall Ring Circle
   Henderson, Nevada 89014

10. Person(s) Most Knowledgeable
    Surgical Arts Center
    9499 West Charleston Boulevard
    Las Vegas, Nevada 89117

11. Person(s) Most Knowledgeable
    Las Vegas Neurosurgery, Orthopedics & Rehab
    501 South Rancho Drive, Suite I-67
    Las Vegas, Nevada 89106

12. Person(s) Most Knowledgeable
    Kelly Hawkins Physical Therapy
    2080 East Flamingo Road, Suite 111
    Las Vegas, Nevada 89119

13. Bianca Gonzalez
    Courtesy Clerk, SMITH'S
    5968 Garthmore Avenue
    Las Vegas, Nevada 89141

14. Breanna Gray
    Customer Service Manager, SMITH'S
    c/o Cooper Levenson, P.A.
    3016 West Charleston Boulevard, Suite 195
    Las Vegas, Nevada 89102

15. Vladimir Sinkov, M.D.
    Sinkov Spine Center
    Expert witness
    1627 East Windmill Lane, Suite 100
    Las Vegas, Nevada 89123

1

## IX.

## TRIAL DATES

The counsel and/or Parties have met and jointly offer these three trial dates:

November 4, 2024          February 10, 2025          February 24, 2025

_____          _____          _____

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

It is estimated that the trial will take a total of five (5) days.

**APPROVED AS TO FORM AND CONTENT:**

DATED this 17th day of May, 2024.          DATED this 17th day of May, 2024.

**HICKS & BRASIER**                          **COOPER LEVENSON, P.A.**

*/s/ Betsy C. Jefferis-Aguilar*               */s/ Pooja Kumar*

_____          _____
ALISON M. BRASIER, ESQ.                    JERRY S. BUSBY, ESQ.
Nevada Bar No. 10522                        Nevada Bar No. 01107
BETSY C. JEFFERIS-AGUILAR, ESQ.            POOJA KUMAR, ESQ.
Nevada Bar No. 12980                        Nevada Bar No. 12988
2630 South Jones Boulevard                  3016 West Charleston Boulevard, Suite 195
Las Vegas, Nevada 89146                     Las Vegas, Nevada 89102
Attorneys for Plaintiff                     Attorneys for Defendant
AUTUMN M. TAYLOR                            SMITH'S FOOD & DRUG CENTERS, INC.

## XI.

## ACTION BY THE COURT

This case is set for Court trial on the stacked calendar on **November 4, 2024, at 9:00 a.m.**

Calendar call will be held on **October 30, 2024, at 1:30 p.m.**

DATED: \_\_\_May 17, 2024\_\_\_

_____
UNITED STATES DISTRICT JUDGE